United States District Court
District of Massachusetts

```
_____
                               )
FIRST CHOICE ARMOR & EQUIPMENT,)
INC.,                          )
        Plaintiff,             )
                               )   Civil Action No.
        v.                     )   09-11380-NMG
                               )
TOYOBO AMERICA, INC. and TOYOBO)
CO., LTD.,                     )
        Defendants.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This action arises from allegations of fraud related to the sale of fiber used in the manufacture of ballistic-resistant vests. The parties are currently embroiled in discovery disputes. Pending before the Court is defendants' emergency motion for an extension of time to complete fact and expert discovery and for a protective order regarding plaintiff's deposition notices, as well as defendants' motion to compel the production of legal invoices.

Defendants Toyobo America, Inc. and Toyobo Co., Ltd. (collectively, "Toyobo") contend that a 15-day extension of the deadline for fact and expert discovery from March 31, 2011 to April 15, 2011 is necessary to complete the depositions of several witnesses due to plaintiff's failure to respond to requests for potential depositions dates. Defendants also assert

-1-

that plaintiff has engaged in "a desperate attempt at blackmail" by serving deposition notices on defendants' experts David Jones ("Jones") and Allen Price ("Price").  They seek a protective order to prevent those depositions.  Plaintiff First Choice Armor & Equipment, Inc. ("First Choice") responds that the dispute centers on defendants' refusal to provide invoices indicating the total amount of fees paid to Jones and Price and/or their firms for their work on behalf of defendants since 2003.

Pursuant to Fed. R. Civ. P. 26(a)(2)(b), a party must disclose the compensation to be paid to its expert witness for the study and testimony in the case.  In addition, some courts allow discovery into an expert's compensation in related cases or by a particular party over a specified period of time on the ground that such information is relevant to the expert's credibility and possible bias.  See, e.g., Chauppette v. Northland Ins. Co., 2009 WL 4060452, *2 (E.D. La. Nov. 19, 2009) (citing Collins v. Wayne Corp., 621 F.2d 777, 783 (5th Cir. 1980)) (finding expert's financial interest in providing litigation-related services to defendants in that case and more generally was relevant to credibility and bias); Amster v. River Capital Int'l Grp., LLC, 2002 WL 2031614, *1 (S.D.N.Y. Sept. 4, 2002) (listing cases ordering disclosure of amount of compensation paid by party to expert in that case and over prior time period).  Here, compensation paid by defendants to its

experts in this case and related cases since 2003 is relevant to possible bias. The Court will, therefore, deny defendants' motion for a protective order to prevent the depositions of such experts.

Defendants also move to compel the production of certain invoices. Those invoices were purportedly relied upon by the plaintiff's damages expert, William F. Rucci, Jr. ("Rucci"), to support his opinion that fees paid by plaintiff to O'Connor & Associates, LLC ("O'Connor") are recoverable as an element of damages in this action. Plaintiff agrees that it is required to produce those legal invoices but contends that certain privileged information contained therein should be redacted, use of the invoices should be limited by protective order and the invoices should be filed under seal. Plaintiff alleges such an order is necessary, in part, because "[d]efendants' counsel has repeatedly violated the applicable protective orders".

Pursuant to Fed. R. Civ. P. 26(a)(2)(B)(ii) and (iii), the facts or data considered by an expert witness in forming his opinion and the exhibits that will be used to summarize or support those opinions must be disclosed. Where a party withholds documents on the basis of the attorney-client privilege or work product doctrine, that party has the burden of describing the nature of the withheld documents in a manner that will enable other parties to assess the applicability of the privilege. Fed.

R. Civ. P. 26(b)(5); see Baltimore Scrap Corp. v. David J. Joseph Co., 1996 WL 720785, *17 (D. Md. Nov. 20, 1996) (citations omitted). Moreover, "fee information is generally not privileged". Fed. Sav. & Loan Ins. Corp. v. Ferm, 909 F.2d 372, 374 (9th Cir. 1990) (citations omitted). Indeed, the identity of the client, the amount of the fee, the identification of payment by case file name and the general purpose of the work performed are usually not protected from disclosure. Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999) (citation omitted). By contrast, records which also reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided are privileged. Id.

The Court will allow defendants' motion to compel because, pursuant to Fed. R. Civ. P. 26, defendants are entitled to review all Zylon-related legal invoices from O'Connor relied on by Rucci to support his opinion testimony and which are an element of plaintiff's alleged damages in this action. Although plaintiff argues that it should be entitled to redact the legal invoices, it fails to explain what, if any, information contained in the invoices is protected from disclosure. Indeed, beyond the "non-public law firm billing rates" indicated on the invoices (which should be filed under seal if filed with the Court), plaintiff's concerns seems to be limited to defendants' alleged previous violations of the protective order. Because a protective order

is already in effect in this case, the additional order requested by plaintiff is unnecessary. Any violation of the protective order will (and should) be dealt with directly, i.e. by a motion for sanctions, rather than by issuance of a supplemental order.

The parties blame each other for the delay in the proceedings, accuse each other of using abusive discovery tactics and engage in the use of pejorative and histrionic terms such as "blackmail" which is a criminal charge. Because the parties are entangled in an unnecessary and bitter discovery dispute, neither party is without blame for the delay in the proceedings, including the production of the requested discovery and the scheduling of depositions. The Court will enlarge the time in which all fact and expert discovery must be completed but the parties and counsel are forewarned that if, in the future, they are unable to resolve such disputes promptly among themselves and require further involvement of the Court, it will impose substantial monetary sanctions against offending <u>counsel</u>.

### ORDER

In accordance with the foregoing,

1) defendants' emergency motion (Docket No. 65) is, with respect to the extension of time, **ALLOWED**, but otherwise, **DENIED;** and

2) defendants' motion to compel the production of legal invoices (Docket No. 69) is **ALLOWED.**

Accordingly, the Court's Scheduling Order dated May 7, 2010, is hereby modified such that all fact and expert discovery shall be completed on or before May 13, 2011. Dispositive motions, if any, shall be filed on or before June 3, 2011 and responded to on or before July 1, 2011. <u>Daubert</u> motions, if any, shall be filed on or before June 3, 2011. All other deadlines remain unchanged.

The defendants are hereby directed to produce to plaintiff on or before May 13, 2011, all invoices from Allen Price and David Jones and their firms for all work performed on behalf of defendants since 2003.

The plaintiff is hereby directed to produce to the defendants on or before May 13, 2011, all Zylon-related legal invoices from O'Connor & Associates, LLC relied on by William F. Rucci, Jr. to support his opinion testimony and which are an element of plaintiff's alleged damages in this action.

**So ordered.**

                                  /s/ Nathaniel M. Gorton  
                                  Nathaniel M. Gorton  
                                  United States District Judge

Dated April 26, 2011